NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3211

JOSEPH P. CARSON,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

_____

DECIDED: March 11, 2005

_____

Before MICHEL, <u>Chief Judge</u>, RADER, and SCHALL, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

Joseph P. Carson prevailed in three individual right of action (IRA) appeals before the Merit Systems Protection Board (Board) and sought an award of attorney fees and costs under 5 U.S.C. § 1221(g)(1) and (2). <u>See</u> <u>Carson v. Dep't of Energy</u>, Nos. AT-1221-96-0948-A-2, AT-1221-98-0250-A-2 & AT-1221-98-0623-A-2 at 2 (MSPB Feb. 20, 2001) (<u>Initial Decision</u>). In the Initial Decision, Administrative Judge Miller awarded Mr. Carson $5,880 to one of Mr. Carson's attorneys, Ronald Zabel, in lieu of the $66,300 in fees requested. <u>Id.</u>, slip op. at 10 & 14. Administrative Judge Miller found that the balance of Mr. Zabel's fees were not reasonable because the work performed to incur those fees related to a case filed in a federal district court and did not significantly contribute to Mr. Carson's success before the Board. <u>Id.</u>, slip op. at 10-13.

The Initial Decision became final on February 2, 2004, under 5 C.F.R § 1200.3(b). Carson v. Dep't of Energy, Nos. AT-1221-96-0948-A-2, AT-1221-98-0250-A-2 & AT-1221-98-0623-A-2 at 1 (MSPB Feb. 2, 2004) (Final Decision). Because substantial evidence supports the Board's findings that some of Mr. Zabel's fee requests are not reasonable, this court affirms.

I.

Mr. Carson prevailed on IRA appeals filed in 1996, 1997, and 1998, alleging that the agency had retaliated against him for disclosures he had made that were protected under 5 U.S.C. § 2302(b)(8). See Final Decision, Separate Opinion of Neil A McPhie, slip op. at 1 (McPhie Opinion). The third IRA appeal concerned Mr. Carson's reassignment. See id. Approximately two months before filing his third IRA appeal, Mr. Carson filed a claim in the United States District Court for the District of Columbia alleging that the reassignment violated his First Amendment rights. See id. The action at the district court was dismissed as moot after Mr. Carson prevailed in his IRA appeals before the Board. See id., slip op. at 2. Mr. Carson had six attorneys work on his IRA appeals and his district court action. Initial Decision, slip op. at 3.

Due to the different actions and the number of attorneys working for Mr. Carson, Administrative Judge Miller informed Mr. Carson

> that his attorneys should submit specific billing statements detailing: (1) the nature and substance of each entry with emphasis on the purpose of the legal services performed; (2) a statement from each attorney as to whether the legal services claimed was [sic] provided predominantly for the federal court action as distinguished from the Board proceedings; and (3) a statement . . . explaining how the work claimed by the attorneys who were not-of-record [in the Board proceeding] contributed to his successful efforts before the Board in the hearing concluded in July, 1998.

Id., slip op. at 5. Mr. Zabel did not participate in any of the proceedings before the Board. Id., slip op. at 10.

Administrative Judge Miller addressed Mr. Zabel's requests for fees and found that the bulk of Mr. Zabel's work related to the district court proceeding and did not significantly contribute to Mr. Carson's success before the Board. Id., slip op. at 11-14. Specifically, Administrative Judge Miller found that Mr. Zabel's hours billed for "mediation," preparing draft declarations for Mr. Carson, drafting a letter to Magistrate Judge Facciola, and preparation for a "court hearing" all primarily addressed the action in the district court and did not further the proceedings before the Board. Id., slip op. at 11-12. Administrative Judge Miller also denied Mr. Zabel's fees for work on an amicus brief that was never submitted. Id., slip op. at 12. Mr. Zabel's fees for "a strategy conference about proceeding before MSPB before District Court action resumes" were also denied because Mr. Zabel did not explain how the strategy meeting contributed to the success before the Board. Id. Finally, Administrative Judge Miller found that the 32.1 hours Mr. Zabel worked on preparing his fee petition was excessive and denied fees for all but eight hours of that request.

II.

This court must affirm any agency action, findings, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

Mr. Carson argues that the Board improperly ruled that Mr. Zabel's fees were not attorney fees. The Initial Decision of the Board, however, clearly treated Mr. Zabel's fees as attorney fees. See Initial Decision, slip op. at 10 (addressing Mr. Zabel's fee requests under the heading "Attorney fees for Ron Zabel, Esquire"). Substantial evidence supports the Board's finding that Mr. Zabel's fees are attorney fees but that those fees are not reasonable for the reasons summarized supra.

Mr. Carson also argues that Mr. Zabel's fees should be awarded as "other reasonable costs incurred" or "consequential damages" under 5 U.S.C. § 1221(g)(1) and (2).[1] This court rejected this argument when raised by Mr. Carson in a related appeal. This court determined that § 1221(g) expressly provides for the recovery of legal costs separate from "other reasonable costs" or "consequential damages." Carson v. Dep't of Energy, 64 Fed. Appx. 234, 239-40 (Fed. Cir. 2003).[2] Consequently, this

---

[1]     5 U.S.C. § 1221(g)(1) and (2) state:
(1) (A) If the Board orders corrective action under this section, such corrective action may include—
     (i) that the individual be placed, as nearly as possible, in the position the individual would have been in had the prohibited personnel practice not occurred; and
     (ii) back pay and related benefits, medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential changes.
     (B) Corrective action shall include attorney's fees and costs as provided for under paragraphs (2) and (3).
(2) If an employee, former employee, or applicant for employment is the prevailing party before the Merit Systems Protection Board, and the decision is based on a finding of a prohibited personnel practice, the agency involved shall be liable to the employee, former employee, or applicant for reasonable attorney's fees and any other reasonable costs incurred.
[2]     Although Carson v. Department of Energy, 64 Fed. Appx. 234 (Fed. Cir. 2003), is a non-precedential opinion, Mr. Carson was the appellant in that proceeding and is thus bound by the decision under Fed. Cir. R. 47.6(b).

court adheres to its prior ruling and rejects this argument for the same reasons this court rejected Mr. Carson's earlier argument.

Because substantial evidence supports the Board's findings that Mr. Zabel's fees did not further Mr. Carson's proceedings before the Board or were otherwise unreasonable, the Board's decision is affirmed.