**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 41**

Docket No. DA-0752-09-0604-P-1

**Barbara R. King,**

**Appellant,**

**v.**

**Department of the Air Force,**

**Agency.**

June 10, 2015

Barbara R. King, San Antonio, Texas, pro se.

Lawrence Lynch, Joint Base San Antonio, Randolph, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The agency has filed a petition for review of the administrative judge's addendum initial decision awarding the appellant $71,238.22 in consequential damages. For the reasons that follow, the agency's petition for review is GRANTED, and the administrative judge's consequential damages award is AFFIRMED IN PART and REVERSED IN PART. As explained below, we find that the appellant is entitled to an award of $6,289.22 in consequential damages and the restoration of 280 hours of sick leave.

## BACKGROUND

¶2        The following facts inform the agency's challenge to the administrative judge's award of consequential damages.  The administrative judge issued an initial decision reversing the appellant's reduction in grade and pay, finding that the appellant proved her affirmative defense of whistleblower reprisal.  *See King v. Department of the Air Force*, MSPB Docket No. DA-0752-09-0604-B-1, Initial Decision (Oct. 3, 2012).  Neither party filed a petition for review of that initial decision, which became the Board's final decision.  *See* 5 C.F.R. § 1201.113.  The appellant thereafter filed a motion seeking an award of both compensatory and consequential damages under the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub L. No. 112-199, 126 Stat. 1465.  Damages File (DF), Tab 1.  The administrative judge denied the appellant's request for a compensatory damages award and issued an order certifying for interlocutory appeal the issue of whether the WPEA's expanded scope of relief authorizing a compensatory damages award applied to the appellant's appeal, which was pending when the WPEA was enacted.  DF, Tab 18.  The Board issued an Opinion and Order finding that the WPEA's expanded scope of relief was not retroactive and returning the appellant's request for a consequential damages award to the administrative judge for further adjudication.  *See King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 18 (2013).

¶3        Following a damages hearing, the administrative judge issued an addendum initial decision awarding the appellant $71,238.22 in consequential damages.[1]

---

[1] In her addendum initial decision, the administrative judge also addressed the appellant's allegations of agency noncompliance with the Board's prior final decision reversing her reduction in grade and pay.  The agency has filed a petition for review addressing both the administrative judge's damages award and her findings of agency noncompliance.  Petition for Review File, Tab 1.  The Board has severed the appellant's petition for enforcement and her motion for damages, and it has addressed her allegations of agency noncompliance in a separate nonprecedential order.  *See King v.*

DF, Tab 54, Addendum Initial Decision (AID). The administrative judge awarded the appellant the following consequential damages: moving expenses ($3,871.20); job search expenses ($2,418.02); and the amount of a compromise of her Veterans Administration (VA) loan resulting from the sale of her home at a loss ($64,949.00). AID at 12-14. The administrative judge also ordered the agency to restore 280 sick leave hours to the appellant, but she denied her request to restore 50 annual leave hours and reimburse certain medical expenses. AID at 16-17.

¶4    In support of her consequential damages award, the administrative judge found that the appellant credibly testified that she could not meet her financial obligations following her reduction in grade and pay and that she sought other jobs at a higher salary and with a greater potential career ladder at the agency. AID at 12. Toward this end, the appellant applied, and was selected, for a position with the agency in Los Angeles, California, in October 2009; prior to this transfer, the appellant had been domiciled in Texas. AID at 12, 14. After being selected for the California position, the appellant sold her house in Texas at a loss through a short sale and entered into a compromise with the VA for the outstanding balance of $64,949.00 on her mortgage. DF, Tab 50 at 6. Documents submitted below reflect that the VA absorbed this loss and that, although the appellant is not obligated to repay the VA this amount, she is not entitled to apply for another VA loan until it is repaid in full. *Id*. The appellant, moreover, testified that the compromised loan amount appears on her credit history. AID at 13. In her addendum initial decision, the administrative judge found that the appellant was entitled to reimbursement for the compromised loan amount as a consequential damage caused by the agency's whistleblower reprisal. AID at 14.

---

*Department of the Air Force*, MSPB Docket No. DA-0752-09-0604-C-1, Remand Order (Apr. 9, 2015).

¶5 The agency has filed a petition for review challenging the administrative judge's consequential damages award arising from the VA loan. Petition for Review (PFR) File, Tab 1 at 7-8. The agency argues on review that this amount is not an actual out-of-pocket expense because the appellant has not paid this amount (or any portion thereof) to the VA and that the administrative judge's damages award is a windfall to the appellant because she is not required to pay this amount to the VA unless and until she wishes to apply for another VA loan. *Id*. at 8. Alternatively, the agency argues that, if the administrative judge's consequential damages award is sustained, then the award should be paid directly to the VA, rather than to the appellant. *Id*. In opposition, the appellant asserts that she has sustained financial damage as a result of the agency's wrongful action and that she is entitled to reimbursement for the compromised loan amount. PFR File, Tab 3 at 7.

¶6 For the reasons that follow, we find that the appellant is not entitled to reimbursement for the $64,949.00 compromised loan amount, and we VACATE that portion of the addendum initial decision awarding the appellant this amount. As to the remaining elements of the administrative judge's consequential damages award, we AFFIRM the addendum initial decision.

## ANALYSIS

"Consequential damages" under 5 U.S.C. § 1221(g)(1)(A)(ii) must be narrowly construed.

¶7 As the prevailing party in a Board appeal in which the administrative judge ordered corrective action based upon the finding of whistleblower reprisal, the appellant is entitled to an award of "back pay and related benefits, medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential

[damages]."[2] 5 U.S.C. § 1221(g)(1)(A)(ii).[3] The Federal Circuit has concluded that consequential damages under 5 U.S.C. § 1221(g) are limited to out-of-pocket costs and do not include nonpecuniary damages. *Bohac*, 239 F.3d at 1343. In reaching this conclusion, the court found that the recovery of damages under the statute may not be allowed unless the government has waived sovereign immunity. *Id*. at 1339; *Johnston v. Department of the Treasury*, 100 M.S.P.R. 78, ¶ 14 (2005). It further noted that such a waiver must be expressed unequivocally in statutory text and strictly construed in favor of the sovereign. *Bohac*, 239 F.3d at 1339; *Johnston*, 100 M.S.P.R. 78, ¶ 14. Applying the interpretive rule of ejusdem generis,[4] the court also found that Congress intended a narrow construction of "consequential damages" in the 1994 amendments to 5 U.S.C. § 1221(g).[5] *Bohac*, 239 F.3d at 1342. It further found that the general phrase

---

[2] The original text of the statute reads "and any other reasonable and foreseeable consequential changes." 5 U.S.C. § 1221(g)(1)(A)(ii). Both the U.S. Court of Appeals for the Federal Circuit and the Board have held that Congress intended to provide for the recovery of consequential damages. *See Bohac v. Department of Agriculture*, 239 F.3d 1334, 1338-39 (Fed. Cir. 2001); *Carson v. Department of Energy*, 92 M.S.P.R. 440, ¶ 8 n.5 (2002), *aff'd*, 64 F. App'x 234 (Fed. Cir. 2003). In passing the WPEA, moreover, Congress has corrected the language of this section to provide for an award of compensatory damages. *See King*, 119 M.S.P.R. 663, ¶ 15 (citing WPEA, § 107(b)).

[3] This section has since been amended by the WPEA to provide for an award of compensatory damages. *See* 5 U.S.C. § 1221(g)(1)(A)(ii). As we explained in *King*, the appellant is not entitled to a compensatory damages award because her appeal was pending at the time of the WPEA's enactment. *See King*, 119 M.S.P.R. 663, ¶ 18.

[4] "Ejusdem generis" means "of the same kind." Under this rule, where a general word or phrase follows an enumeration of specific things, the general word or phrase is held to refer to things of the same kind as those specified. *See Johnston*, 100 M.S.P.R. 78, ¶ 14 n.*.

[5] Congress amended 5 U.S.C. § 1221(g) in 1994 to provide for an award of consequential damages. Prior to this amendment, the statute only provided a prevailing party with the right to seek reasonable attorney's fees and other reasonable costs incurred. *See Roman v. Department of the Army*, 72 M.S.P.R. 409, 412-13 (1996), *aff'd*, 129 F.3d 134 (Fed. Cir. 1997) (Table).

"any other reasonable and foreseeable consequential [damages]" should be read to cover only items similar in nature to the specific items listed in the statute, i.e., back pay and related benefits, medical costs incurred, and travel expenses. *Id*. It noted that those items are all actual monetary losses or out-of-pocket expenses. *Id*. Applying *Bohac*, the Board has explained that, to receive a consequential damages award, an appellant must prove that she incurred consequential damages and that her claimed damages were reasonable, foreseeable, and causally related to the agency's prohibited personnel practice. *See Johnston*, 100 M.S.P.R. 78, ¶ 13.

The compromised loan amount is not recoverable as a consequential damage under 5 U.S.C. § 1221(g)(1)(A)(ii).

¶8       Upon reviewing the agency's challenge to the administrative judge's award of $64,949.00, we begin with the proposition articulated in *Bohac* that "Congress intended a narrow construction of 'consequential damages.'" *Bohac*, 239 F.3d at 1342. Applying the rule of ejusdem generis, the court held that an award of consequential damages must be "of the same kind" as those specifically articulated in the statute: lost back pay and benefits, medical costs, or travel expenses. *Id*. Subsequent to *Bohac*, the Board has declined to restore either annual leave used, or leave without pay (LWOP) incurred, to pursue a Board appeal as part of a consequential damages award. *See Carson*, 92 M.S.P.R. 440, ¶ 13 (declining to award LWOP); *Reams v. Department of the Treasury*, 91 M.S.P.R. 447, ¶¶ 13-14 (2002) (declining to restore annual leave). It also has found that awards of interest and compensation for an increased tax liability are beyond the scope of recoverable consequential damages. *See Johnston*, 100 M.S.P.R. 78, ¶¶ 18, 21.

¶9       In keeping with the Board's historical approach toward awards of consequential damages, we cannot conclude that the compromised loan amount resulting from the short sale of the appellant's home is recoverable. First, the compromised loan amount is not similar in nature to the other types of

consequential damages specified in the statute, i.e., lost back pay, medical costs, or travel expenses. *See id.*, ¶ 14 (any other reasonable and foreseeable consequential damages should be read to cover only items similar in nature to those listed in the statute). The compromised loan amount, rather, is more like those categories of damages which the Board has declined to award under section 1221(g). *See, e.g.*, *id.*, ¶¶ 18, 21 (declining to award a lump-sum interest payment on restored leave and additional compensation for increased tax liability); *Reams*, 91 M.S.P.R. 447, ¶ 14 (reversing an award of annual leave used to prosecute a Board appeal). Applying the doctrine of ejusdem generis, we find that section 1221(g)(1)(A)(ii)'s "any other reasonable and foreseeable consequential [damages]" language does not provide for the recovery of the compromised loan amount following the short sale of the appellant's house.

¶10        Additionally, we find that the compromised loan amount is not a reasonable and foreseeable consequential damage which is causally related to the agency's reprisal. *See Johnston*, 100 M.S.P.R. 78, ¶ 13. The appellant testified that, among other things, upon her reduction in grade and pay, she could not cover her living expenses and felt compelled to seek employment elsewhere. DF, Tab 52, Hearing Compact Disc (HCD). She applied, and was selected, for a higher-paying position with the agency in Los Angeles, California, and thereafter elected to sell her home in Texas at a loss through a short sale. HCD; *see* AID at 12, 13. However, we find that, in between the agency's reprisal and the appellant's decision to sell her house and move to California, there were several intervening events which break the causal link needed to establish an entitlement to a consequential damages award. *See Johnston*, 100 M.S.P.R. 78, ¶ 13. For example, the appellant could have applied for and received a position closer to where she resided in Texas (either with the agency or another employer), thus eliminating the need for her to move or sell her house. Alternatively, she could

have accepted the position in California, but kept her house,[6] or she might not have had to sell her house at a loss had she negotiated a different price or had the housing market been stronger. *Cf.* Restatement (Second) of Torts § 433(b) (1965) (relevant considerations when considering whether an actor's conduct is a substantial factor in bringing about harm to another include "whether the actor's conduct has created a force or series of forces which are in continuous and active operation up until the time of the harm").[7] As illustrated above, we cannot conclude that the agency's prohibited personnel practice created a "series of forces which [were] in continuous and active operation" through the appellant's decision to sell her home at a loss and enter into a compromise with the VA. *See* Restatement (Second) of Torts § 440 (a superseding cause is that of a third person or other force which by its intervention prevents the actor from being liable for harm to another).

¶11 We further agree with the agency's argument on review that there is no evidence in the record that the appellant has experienced an actual, compensable monetary loss or out-of-pocket expense.[8] *See Bohac*, 239 F.3d at 1342

---

[6] There is evidence in the record that, prior to the challenged reduction in grade and pay, the appellant was in line for a temporary overseas assignment and that she had planned on renting her house while abroad. AID at 12. We find it within the range of possibility that the appellant could have rented her house in Texas instead of selling it at a loss.

[7] In *Bohac*, the Federal Circuit found that contract law principles did not squarely address the scope of recoverable consequential damages under section 1221. *See Bohac*, 239 F.3d at 1340-41. Rather, courts traditionally have looked to tort law when considering the elements of employment discrimination claims. *See, e.g.*, *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2525 (2013). We therefore find the Restatement of Torts persuasive authority on this issue.

[8] The fact that the appellant has not personally sustained an actual monetary loss or out-of-pocket expense only adds support to our decision, and had the appellant personally sustained an actual monetary loss on the sale of her house, we would reach the same conclusion that the loss is not within the scope of recoverable consequential damages under 5 U.S.C. § 1221(g)(1)(A)(ii).

(consequential damages are limited to actual monetary losses or out-of-pocket expenses); PFR File, Tab 1 at 7-8. As explained above, upon the sale of the appellant's house, she entered into a compromise with the VA for the outstanding amount of her loan, which does not require that she repay the VA *unless and until* she wishes to be eligible for another VA loan. DF, Tab 51 at 5-6. The appellant, therefore, can present no evidence that she has incurred an actual monetary loss, all she has lost is the eligibility to apply for a VA loan, and we agree with the agency that the loss generated upon the sale of the appellant's house has been sustained by the VA and not by her. *See* PFR File, Tab 1 at 8. The appellant's ineligibility to secure another VA loan, moreover, is best categorized as a nonpecuniary consequence which falls outside of the scope of recovery under section 1221(g). *See Bohac*, 239 F.3d at 1342. Similarly, we find that the reference to the loan compromise on the appellant's credit history is also nonpecuniary in nature and cannot justify an award of consequential damages.[9]

¶12        Finally, we note that the remedial purpose of the consequential damages provision of section 1221(g) does not warrant a different result. *See* 5 U.S.C. § 1221(g)(1)(A)(i) ("corrective action may include . . . that the individual be placed, as nearly as possible, in the position the individual would have been in had the prohibited personnel practice not occurred"); *Bohac*, 239 F.3d at 1343 (discussing the legislative history of the 1994 amendments to section 1221(g)). In *Bohac*, the Federal Circuit found that the statute's legislative history could not support a reading that Congress intended to allow prevailing parties to recover nonpecuniary losses in consequential damages awards. *See Bohac*, 239 F.3d at

---

[9] We note, for example, that, even if we were to award the appellant this sum, there is no guarantee that she would repay the VA this amount, in which case the reference to the compromised loan would remain on her credit history. Additionally, even if the appellant were to repay the VA this amount, it is not clear that her credit history would be expunged.

1343. Although the Board had previously cited the statute's "make-whole" language and its legislative history to support an expansive reading of the scope of recovery under section 1221(g)(1)(A)(ii), *see Pastor v. Department of Veterans Affairs*, 87 M.S.P.R. 609, ¶¶ 14-15 (2001) (finding that an award of future medical costs may be awarded under section 1221(g)(1)(A)(ii)), subsequent to *Bohac*, the Board has eschewed reliance on the broad make-whole language of the statute, instead recognizing that Congress intended a narrow construction of the consequential damages provision, *see Johnston*, 100 M.S.P.R. 78, ¶ 16. In light of the foregoing, we conclude that the appellant is not entitled to a consequential damages award covering the compromised loan amount. Accordingly, the administrative judge's award of $64,949.00 in consequential damages is REVERSED.

The administrative judge's remaining consequential damages award is AFFIRMED.

¶13        The agency has not challenged the administrative judge's consequential damages award of $3,871.20 in moving expenses, $2,418.02 in travel costs, and 280 restored sick leave hours. PFR File, Tab 1. Upon our review of the record, we find no reason to differ with the administrative judge's monetary award for travel and moving costs, which we accordingly AFFIRM. Additionally, although the Board has previously withheld deciding whether sick leave used as a result of the agency's whistleblower reprisal would be compensable under 5 U.S.C. § 1221(g)(1)(A)(ii), *see Carson*, 92 M.S.P.R. 440, ¶ 15 n.9, here, where there is unrefuted evidence in the record demonstrating the appellant's increased use of sick leave following the agency's prohibited personnel practice, along with supporting medical documentation, *see* HCD; DF, Tabs 46-47 (the appellant's medical documentation and leave history), we find that sick leave used as a result of the agency's whistleblower reprisal is a recoverable consequential damage as a medical cost incurred under section 1221(g)(1)(A)(ii). The administrative judge's award of 280 restored sick leave hours is AFFIRMED.

¶14     Lastly, the appellant has not challenged the administrative judge's addendum initial decision denying her requests for restored annual leave and reimbursement for certain medical expenses, and we find no reason to disturb the addendum initial decision as to these denials.  AID at 15-16, 17 (finding that medical expenses were borne by the appellant's insurance company, and not by the appellant, and that there was no evidence that annual leave was taken as a result of the agency's reprisal).

## ORDER

¶15     We concur with the administrative judge's decision to grant the appellant's motion for an award of consequential damages IN PART, and we ORDER the agency to pay the appellant $6,289.22 and to restore to her 280 hours of sick leave.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶16     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶17     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶18     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.