# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KAREN MOORE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-1221-13-0213-B-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE: April 12, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosemary Dettling, Esquire, Washington, D.C., for the appellant.

Brandi M. Powell, New Orleans, Louisiana, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the remand initial decision, which directed the agency to provide her with appropriate relief in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was a Medical Support Assistant with the Primary Care‑Compensation and Pension Unit (PCCPU) of the agency's Medical Center in Shreveport, Louisiana. *Moore v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-13-0213-W-1, Initial Appeal File (IAF), Tab 4, Subtabs 4a, 4e. In April 2012, she sent an email to the agency's Employee Relations office alleging harassment by her supervisor. IAF, Tab 7 at 12-14. In April 2012, she also sent a letter to the agency's Office of the Inspector General alleging the same and claiming that management had not taken remedial action. *Id.* at 6-11. Effective June 2012, the agency reassigned her from the PCCPU to the Primary Care-Red Team within her Shreveport duty station without a change in job title, pay or benefits. IAF, Tab 4, Subtab 4e.

¶3 Subsequently, the appellant applied and was selected for the Office Automation Assistant position with the agency's Medical Center in Dallas, Texas, and relocated there. IAF, Tab 4, Subtab 4g. Shortly thereafter, she filed the instant appeal alleging that her reassignment within the Shreveport duty station

was in retaliation for whistleblowing activity. IAF, Tab 1 at 4-6, 11-12. The administrative judge denied corrective action. IAF, Tab 21 at 1, 6-8. On review, the Board reversed, awarded corrective action, and remanded the case for further development as to the appropriate scope of relief. *Moore v. Department of Veterans Affairs*, MSPB Docket No. DA‒1221-13-0213-W-1, Remand Order, ¶¶ 13-14 (Mar. 10, 2015); Petition for Review File, Tab 14, ¶¶ 13-14.

¶4      On remand, the administrative judge directed the appellant to clarify the relief she was seeking. *Moore v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-13-0213-B-1, Remand File (RF), Tab 10 at 1. In response, the appellant stated that she sought: (1) attorney fees; (2) "back pay for the promotion, bonuses, and step increases she would have received if she was not unlawfully transferred"; (3) reinstatement to her PCCPU position "with step increases, bonuses, and promotions received by her co-workers"; (4) "consequential and/or compensatory damages in the amount of $150,000.00"; (5) costs of her relocation from Shreveport to Dallas; (6) unspecified medical costs; and (7) interest on all of the above. RF, Tab 11 at 4-5. The administrative judge then issued the remand initial decision, directing the agency to provide the appellant with such relief that would place her as nearly as possible in the same situation as she would have been in had the agency not retaliated against her, pay her back pay, with interest, and adjust her benefits with appropriate credits and deductions. RF, Tab 13, Remand Initial Decision (RID) at 3. The administrative judge also advised the appellant that she could seek attorney fees and consequential damages in addendum proceedings. RID at 3 n.*, 8-11.

¶5      The appellant has timely petitioned for review. Remand Petition for Review File, Tab 1. While the appellant does not challenge the administrative judge's determination as to the merits of her appeal or his guidance that her request for attorney fees should be adjudicated in an addendum proceeding, the appellant asserts that the administrative judge erred in not addressing her request

for damages in the remand initial decision issued in the proceeding on the merits. *Id.* at 7-8. We disagree.

¶6        Under 5 C.F.R. § 1201.202(e)(1), "[a] proceeding on the merits is a proceeding to decide an appeal of an agency action," that is, to determine whether the appellant should be restored to the status quo ante. *Gilbert v. Department of the Interior*, 101 M.S.P.R. 238, ¶ 5 (2006). Status quo ante relief requires, in most instances, restoring the appellant to the position she occupied prior to the removal action or placing her in a position that is substantially equivalent. *Gorny v. Department of the Interior*, 115 M.S.P.R. 520, ¶ 6 (2011); *see Gilbert*, 101 M.S.P.R. 238, ¶ 5 (explaining that an appellant who prevails in an IRA appeal is entitled to cancellation of the retaliatory personnel action, reinstatement to his former position or a substantially equivalent position, back pay, interest on back pay, and other employment benefits he would have received had the action not occurred).

¶7        In addition, an appellant who prevails on an allegation of reprisal for whistleblowing is entitled to relief that exceeds status quo ante relief, including consequential damages. *Samble v. Department of Defense*, 98 M.S.P.R. 502, ¶ 15 (2005). Consequential damages are medical costs, travel expenses and analogous reasonable and foreseeable out-of-pocket expenses or monetary losses that are causally connected to the whistleblowing reprisal at issue. *Bohac v. Department of Agriculture*, 239 F.3d 1334, 1341-42 (Fed. Cir. 2001); *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 28 (2013). While a "request for consequential . . . damages must be made during the proceeding on the merits," 5 C.F.R. § 1201.204(a)(1), a distinct and separate addendum proceeding is commenced to adjudicate such a request upon a prevailing appellant's filing of a motion to that

effect, *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, 58 (2011); 5 C.F.R. § 1201.204(d)(1)-(e)(1).[2]

¶8     Such a motion, however, cannot be filed, and no addendum proceeding may commence, until the issuance of the final decision in a proceeding on the merits. 5 C.F.R. §§ 1201.202(e)(2), 1201.204(e)(1). Generally, the final decision in the proceeding on the merits may be an initial decision issued by an administrative judge that becomes final when the Board denies all petitions for review or because of a mere passage of time if no party petitions for review or requests to vacate the initial decision to accept a settlement. 5 C.F.R. § 1201.113(a)-(b).

¶9     Here, the administrative judge (1) directed the agency to restore the appellant to the status quo ante in the remand initial decision issued in the proceeding on the merits, and (2) advised the appellant that she could seek attorney fees and consequential damages by commencing addendum proceedings. RID at 3 n.*, 8-11. Had the appellant not filed her petition for review, the remand initial decision would have become the Board's final decision upon the passage of 35 days after its issuance, given that the agency elected not to seek review. 5 C.F.R. § 1201.113(a). However, because the appellant filed a petition for review, the remand initial decision cannot become final until the petition for review is adjudicated. 5 C.F.R. § 1201.113(a)-(b). Thus, any addendum proceeding as to the appellant's request for damages is premature. 5 C.F.R. § 1201.202(e)(2).

¶10     In light of prematurity of any addendum proceeding, the administrative judge properly declined to adjudicate the appellant's request for consequential damages until the proceeding on the merits became final. Accordingly, we

---

[2] Consistent with section 1201.204(d)(1), it has been the Board's practice to bifurcate prevailing appellants' requests for consequential damages for adjudication in addendum proceedings. *See, e.g.*, *Johnston v. Department of the Treasury*, 100 M.S.P.R. 78, ¶¶ 1, 12 (2005); *Pastor v. Department of Veterans Affairs*, 94 M.S.P.R. 353, ¶ 2 (2003); *Carson v. Department of Energy*, 92 M.S.P.R. 440, ¶¶ 1, 14-15 (2002), *aff'd*, 64 F. App'x 234 (Fed. Cir. 2003).

discern no basis to disturb the remand initial decision and deny the petition for review.

**ORDER**

¶11    We ORDER the agency to provide the appellant with relief such that she is placed as nearly as possible in the same situation as she would have been in had the agency not reassigned her in retaliation for whistleblowing.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶12    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶14    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶15      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60‑day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
CONSEQUENTIAL DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages.  To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204.  If you believe you meet these requirements, you must file a motion for consequential damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You

must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

**NOTICE OF APPEAL RIGHTS[3]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      /s/ for
_____

                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at:** **https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1‑7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.