**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LAUNA GOLDDEEN OGBURN,
           Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
           Agency.

DOCKET NUMBER
DC-0841-18-0135-P-1

DATE: January 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Launa Golddeen Ogburn, Woodbridge, Virginia, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the addendum initial decision, which dismissed her motion for consequential damages. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the addendum initial decision,[2] which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant argues that she prevailed in her underlying appeal. Petition for Review (PFR) File, Tab 3 at 8. A party can only achieve prevailing party status by being awarded some relief by the Board or a court or by obtaining an enforceable settlement agreement. *See Mulero-Echevarria v. Office of Personnel Management*, 93 M.S.P.R. 154, ¶ 4 (2002) (citing *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 (2001)). Here, the Office of Personnel Management (OPM) rescinded its October 2017 reconsideration decision which formed the basis of the appellant's underlying appeal, and the administrative judge dismissed the appeal for lack of jurisdiction. *Ogburn v. Office of Personnel Management*, MSPB Docket No. DC-0841-18-

---

[2] The administrative judge should have denied, rather than dismissed, the appellant's motion for consequential damages. *See, e.g., Kwartler v. Department of Veterans Affairs*, 108 M.S.P.R. 330, ¶¶ 12-14 (2008) (finding that the administrative judge properly denied the appellant's request for, inter alia, compensatory damages); *Carson v. Department of Energy*, 92 M.S.P.R. 440, ¶ 1 (2002) (denying the appellant's motion for consequential damages), *aff'd*, 64 F. App'x 234 (Fed. Cir. 2003). This error, however, did not prejudice the appellant's substantive rights because the administrative judge's wording does not change the fact that the appellant is not entitled to consequential damages. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error which is not prejudicial to a party's substantive rights provides no basis for reversal of the initial decision).

0135-I-1, Initial Appeal File (IAF), Tabs 8-9. The administrative judge's decision was affirmed by the U.S. Court of Appeals for the Federal Circuit in *Ogburn v. Office of Personnel Management*, 750 F. App'x 990 (Fed. Cir. 2018).[3] On the record before us, the appellant is not a prevailing party.

For the first time on review, the appellant requests compensatory damages. PFR File, Tab 1 at 4. An appellant may recover compensatory damages when she prevails in a Board appeal based on one of the following: (1) a finding of intentional discrimination under Title VII of the Civil Rights Act of 1964; (2) a finding that the agency failed to make a reasonable accommodation for a qualified disabled person; (3) a finding of illegal retaliation for the appellant's protected equal employment opportunity activity; or (4) where the Board orders corrective action in a whistleblower appeal under 5 U.S.C. § 1221. 5 C.F.R. §§ 1201.201(d), 1201.202(c). The instant appeal did not concern any of these situations. IAF, Tab 9. Accordingly, her request for compensatory damages is denied.

The appellant also takes issue with an OPM letter dated May 25, 2012. PFR File, Tab 3 at 5. Below, the appellant included two letters from OPM dated May 25, 2012, which (1) informed her that her application for disability retirement under the Federal Employees Retirement System was approved and provided her information regarding transitioning from employment to retirement, and (2) a description of the nature of her disability. IAF, Tab 1 at 14-17. The appellant's concerns with the correspondence are not clear. PFR File, Tab 3 at 5. However, the Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v.*

---

[3] The appellant also filed an appeal concerning the calculation of her annuity, which the administrative judge denied. *Ogburn v. Office of Personnel Management*, MSPB Docket No. DC-0841-19-0345-I-1, Initial Decision (July 8, 2019). The Board will issue a separate final decision regarding her petition for review in that appeal. The Board may take official notice of matters that can be verified, including documents or actions in other Board appeals. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 5 n.4 (2010); *see* 5 C.F.R. § 1201.64.

*Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In the absence of any clear explanation of the appellant's concerns regarding this correspondence, or how this correspondence specifically relates to the issue of consequential damages, the Board lacks jurisdiction to address her concerns.

The appellant also argues that the initial decision is invalid because it is unsigned. PFR File, Tab 3 at 8-10 & n.2. Contrary to the appellant's assertion, the initial decision in the hard copy file contains the administrative judge's signature. *Ogburn v. Office of Personnel Management*, MSPB Docket No. DC-0841-18-0135-P-1, Appeal File (P-1 AF), Tab 3, Addendum Initial Decision at 3. Because the appellant is an e-filer, however, the electronic version of the initial decision that she received contained the electronic version of the administrative judge's signature, evidenced by the use of the designation "/s/." *Id.*; *see* U.S. Merit Systems Protection Board Judges' Handbook, Chapter 12, § 2(i) ("In cases in which the parties are served electronically, the [initial decision] . . . should be 'signed' /s/.") (last updated October 2019). Because the administrative judge properly signed the initial decision, the appellant's argument is without merit.

Finally, the appellant refers to the docket number in the instant case—emphasizing the "P" in the docket number—as fraudulent and invalid. PFR File, Tab 3 at 8. In accordance with its usual practice, the Board assigned a new docket number—with the letter "P"—to the appellant's motion for damages. P-1 AF, Tabs 1-2. The docket number is not fraudulent or invalid, and the appellant's assertion is not a basis for granting the petition for review. We have considered the appellant's remaining arguments regarding her entitlement to costs and/or expenses on review, but none warrant a different outcome. For the reasons stated herein and in the initial decision, we deny the petition for review and affirm the

initial decision. The appellant is not entitled to consequential damages, compensatory damages, costs, or expenses.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] On March 1, 2021, the appellant filed pleadings with the Board seeking to withdraw her petition for review. PFR File, Tabs 7-8. Thereafter, on March 3, 2021, the Office of the Clerk of the Board issued an order requiring the appellant to confirm her intent to withdraw the petition for review and her understanding that any withdrawal is with prejudice to refiling with the Board. PFR File, Tab 10. In response, the appellant confirmed that she did not wish to withdraw her petition for review. PFR File, Tab 11.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.